# UNITED STATES DISTRICT COURT

HEADQUARTERS
220 EAST ROSSER - ROOM 476
POST OFFICE BOX 1193
BISMARCK, ND 58502

**DISTRICT OF NORTH DAKOTA**

**KARI M. KNUDSON**
CLERK

DIVISIONAL OFFICE
655 1ST AVENUE NORTH
SUITE 130
FARGO, ND 58102

TELEPHONE: (701) 530-2300
FACSIMILE: (701) 530-2312

TELEPHONE: (701) 297-7000
FACSIMILE: (701) 297-7005

Nevada District Court
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, 1st Floor
Las Vegas, NV 89101-7065

**Re:**

Tyler Michael White

Our File No. 4:12-cr-00177-04
Your File No. 2:25-cr-00195-JAD-EJY-1

Dear Clerk,

The above referenced defendant's supervision has been ordered transferred to your district.  Enclosed please find a copy of the docket sheet, charging document, plea agreement (if applicable), judgment, and the Probation Form 22.

If you need additional documents, you may access electronically filed documents in this case via CM/ECF. If you need paper copies of any documents that are not available electronically, please contact the office listed below:

☑ Office of the Clerk
220 East Rosser Ave.
Suite 476
Bismarck, ND 58501
701-530-2300

☐ Office of the Clerk
655 1st Ave. North Ste. 130
Fargo, ND 58102
701-297-7000

Sincerely,

Kari M. Knudson, Clerk

By:

*/s/ Carla Schultz, Deputy Clerk*

Enclosure



FILED ☑    RECEIVED ___
ENTERED ___    SERVED ON ___
COUNSEL/PARTIES OF RECORD

JUL 1 5 2025

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

CLOSED

# U.S. District Court
## District of North Dakota (4)
## CRIMINAL DOCKET FOR CASE #: 4:12-cr-00177-DLH-4
### Internal Use Only

Case title: USA v. Butler et al

Magistrate judge case number: 4:12-mj-00152-CSM

Date Filed: 10/03/2012

Date Terminated: 10/25/2013

---

Assigned to: Judge Daniel L. Hovland

Appeals court case number: 16-1346
USCA8

## Defendant (4)

**Tyler Michael White**
*TERMINATED: 10/25/2013*

represented by **Timothy J. Langley**
FEDERAL PUBLIC DEFENDER
OFFICE
221 S PHILLIPS AVE
SUITE 202
SIOUX FALLS, SD 57104
605-330-4489
Email: Jann_Brakke@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender*

**Thomas John Glass**
418 E. ROSSER AVE STE 301
BISMARCK, ND 58501
701-222-0903
Email: tjglaw@midconetwork.com
*TERMINATED: 10/25/2013*
*Designation: CJA Appointment*

## Pending Counts

18:1201(a)(1) KIDNAPPING; 18:2
AIDING AND ABETTING
(1)

## Disposition

165 months imprisonment to run
concurrent with count three; 5 years
supervised release; $100 special
assessment; and $22,089.06 restitution
(joint and several with co-defendants).
1/26/2016 Count 1: Motion for Sentence
Reduction re USSC Drug Amendment -
DENIED. 9/24/2018 Count 1: Motion for
Sentence Reduction re USSC Drug

21:846 CONSPIRACY TO DISTRIBUTE
AND POSSESS WITH INTENT TO
DISTRIBUTE METHAMPHETAMINE
(3)

Amendment - DENIED (upon remand
from USCA).

165 months imprisonment to run
concurrent with count one; 5 years
supervised release; $100 special
assessment; and $22,089.06 restitution
(joint and several with co-defendants).
1/26/2016 Count 3: Motion for Sentence
Reduction re USSC Drug Amendment -
DENIED. 9/24/2018 Count 3: Motion for
Sentence Reduction re USSC Drug
Amendment - DENIED (upon remand
from USCA).

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1201(c) CONSPIRACY TO COMMIT
KIDNAPPING
(2)

**Disposition**

Dismissed on Government's motion

**Highest Offense Level (Terminated)**

Felony

**Complaints**

18:1201(a)(1) KIDNAPPING; 18:2
AIDING AND ABETTING

**Disposition**

---

**Plaintiff**

**USA**

represented by **Brett M. Shasky**
U.S. ATTORNEY'S OFFICE
655 1 AVE N STE 250
FARGO, ND 58102
701-297-7400
Email: brett.shasky@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: USA*

**David D. Hagler**
U.S. ATTORNEY'S OFFICE
PO BOX 699
BISMARCK, ND 58502
701-530-2420
Email: david.hagler@usdoj.gov

7/8/2025, 2:45 PM

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: USA*

**Shanon M. Gregor**
DOJ-USAO
655 1st Ave. N. Ste 250
Fargo, ND 58102
701-297-7400
Email: shanon.gregor@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: USA*

**Rick L. Volk**
U.S. ATTORNEY'S OFFICE
PO BOX 699
BISMARCK, ND 58502
701-530-2420
Email: rick.volk@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: USA*

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 08/31/2012 | 1 | ☐ | COMPLAINT as to Jeffrey Jim Butler (1), Nicholas James Gordon Woodford (2), Zachary Russell Mills (3), Tyler Michael White (4), James Dean Odeneal (5). (Attachments: # 1 Affidavit of Terrance M. Frank) Copy to USA.(rs) [4:12-mj-00152-CSM] (Entered: 08/31/2012) |
| 09/05/2012 | | | Case unsealed as to Jeffrey Jim Butler, Nicholas James Gordon Woodford, Tyler Michael White, James Dean Odeneal (rs) [4:12-mj-00152-CSM] (Entered: 09/05/2012) |
| 09/05/2012 | 19 | ☐ | ORDER OF DETENTION Pending Hearing as to Jeffrey Jim Butler, Nicholas James Gordon Woodford, Tyler Michael White, and James Dean Odeneal by Magistrate Judge Karen K. Klein. Detention and Preliminary Hearings to be set as to each defendant. (AS) [4:12-mj-00152-CSM] (Entered: 09/05/2012) |
| 09/05/2012 | 9 | ☐ | MOTION for Detention by USA as to Tyler Michael White. (Volk, Rick) [4:12-mj-00152-CSM] (Entered: 09/05/2012) |
| 09/05/2012 | 13 | | NOTICE OF HEARING as to Tyler Michael White: Initial Appearance set for 9/5/2012 4:15 PM in Fargo ADR Room to Bismarck VCR and Minot VCR before Magistrate Judge Karen K. Klein. (Magistrate Judge Klein will be in Fargo; Counsel in Bismarck; Defendant in Minot.) (rs) [4:12-mj-00152-CSM] (Entered: 09/05/2012) |

| 09/05/2012 | | 17 | ☐ | Minute Entry for proceedings held before Magistrate Judge Karen K. Klein: Initial Appearance as to Tyler Michael White held on 9/5/2012 (DR #120905.003.) (lcar) [4:12-mj-00152-CSM] (Entered: 09/05/2012) |
|---|---|---|---|---|
| 09/05/2012 | 🔒 | 22 | ☐ | Financial Affidavit by Tyler Michael White (jo) [4:12-mj-00152-CSM] (Entered: 09/06/2012) |
| 09/05/2012 | | | | Arrest of Tyler Michael White (jt) [4:12-mj-00152-CSM] (Entered: 09/06/2012) |
| 09/06/2012 | | 24 | ☐ | Arrest Warrant Returned Executed on 9/5/2012 as to Tyler Michael White. (jt) [4:12-mj-00152-CSM] (Entered: 09/06/2012) |
| 09/06/2012 | | 28 | | NOTICE OF HEARING as to Tyler Michael White: Detention Hearing set for 9/10/2012 at 02:00 PM in Bismarck Courtroom 2 before Magistrate Judge Charles S. Miller Jr.(jt) [4:12-mj-00152-CSM] (Entered: 09/06/2012) |
| 09/06/2012 | | 34 | ☐ | CJA 20 as to Tyler Michael White: Appointment of Attorney Thomas John Glass for Tyler Michael White by Magistrate Judge Charles S. Miller, Jr. (lcar) [4:12-mj-00152-CSM] (Entered: 09/06/2012) |
| 09/07/2012 | | | | DOCKET CORRECTION re: 37 Waiver of Preliminary Hearing. Document filed as to all defendants. Clerk's office restricted access to document. Filer will re-file as to correct defendant. (rs) [4:12-mj-00152-CSM] (Entered: 09/07/2012) |
| 09/07/2012 | 🔒 | 37 | ☐ | *RESTRICTED - FILED AS TO ALL DEFENDANTS* WAIVER of Preliminary Hearing *and Detention Hearing* by Jeffrey Jim Butler, Nicholas James Gordon Woodford, Tyler Michael White, James Dean Odeneal (Mitchell, Heather) Modified on 9/7/2012 to restrict access. (rs) [4:12-mj-00152-CSM] (Entered: 09/07/2012) |
| 09/10/2012 | | 44 | | NOTICE OF HEARING as to Tyler Michael White: Preliminary Hearing set for 9/10/2012 at 02:00 PM in Bismarck Courtroom 2 before Magistrate Judge Charles S. Miller Jr. Detention Hearing REset for 9/10/2012 at 02:00 PM in Bismarck Courtroom 2 before Magistrate Judge Charles S. Miller Jr. (previously set for 3:00 p.m.) (jt) [4:12-mj-00152-CSM] (Entered: 09/10/2012) |
| 09/11/2012 | | 52 | ☐ | Minute Entry for proceedings held before Magistrate Judge Charles S. Miller, Jr: Detention Hearing/Preliminary Hearing as to Tyler Michael White held on 9/11/2012. (Court Reporter SE) (Attachments: # 1 Government Exhibit 1-Statement) (lcar) [4:12-mj-00152-CSM] (Entered: 09/11/2012) |
| 09/11/2012 | | 55 | ☐ | ORDER by Magistrate Judge Charles S. Miller, Jr. granting 9 Motion for Detention as to Tyler Michael White. (BG) [4:12-mj-00152-CSM] (Entered: 09/11/2012) |
| 09/19/2012 | | 59 | ☐ | NOTICE OF ATTORNEY APPEARANCE: Thomas John Glass appearing for Tyler Michael White (Glass, Thomas) [4:12-mj-00152-CSM] (Entered: 09/19/2012) |

| 09/19/2012 | 🔒 | 60 | ☐ | *RESTRICTED - WRONG EVENT SELECTED* MOTION for Discovery by Tyler Michael White. (Glass, Thomas) Modified on 9/20/2012 to restrict access. (rs) [4:12-mj-00152-CSM] (Entered: 09/19/2012) |
|---|---|---|---|---|
| 09/19/2012 | 🔓 | 61 | ☐ | *RESTRICTED - WRONG EVENT SELECTED* MOTION for Discovery by Tyler Michael White. (Glass, Thomas) Modified on 9/20/2012 to restrict access. (rs) [4:12-mj-00152-CSM] (Entered: 09/19/2012) |
| 09/19/2012 | 🔒 | 62 | ☐ | *RESTRICTED - WRONG EVENT SELECTED* MOTION for Discovery by Tyler Michael White. (Glass, Thomas) Modified on 9/20/2012 to restrict access. (rs) [4:12-mj-00152-CSM] (Entered: 09/19/2012) |
| 09/19/2012 | | 63 | ☐ | Request pursuant to Rule 404(b) as to Tyler Michael White (rs) [4:12-mj-00152-CSM] (Entered: 09/20/2012) |
| 09/19/2012 | | 64 | ☐ | Request for Notice pursuant to Rule 609(b) as to Tyler Michael White (rs) [4:12-mj-00152-CSM] (Entered: 09/20/2012) |
| 09/19/2012 | | 65 | ☐ | Request for Notice pursuant to Rule 807(b) as to Tyler Michael White (rs) [4:12-mj-00152-CSM] (Entered: 09/20/2012) |
| 09/20/2012 | | | | DOCKET CORRECTION re: 60 Motion for Discovery. Wrong event selected. Clerk's office restricted access and re-filed as Request pursuant to Rule 404(b) at 63 . Re: 61 Motion for Discovery. Wrong event selected. Clerk's office restricted access and re-filed as Request for Notice pursuant to Rule 609(b) at 64 . Re: 62 Motion for Discovery. Wrong event selected. Clerk's office restricted access and re-filed as Request for Notice pursuant to Rule 807(b) at 65 . (rs) [4:12-mj-00152-CSM] (Entered: 09/20/2012) |
| 09/27/2012 | | 69 | ☐ | NOTICE OF FILING OF TRANSCRIPT of Probable Cause and Detention Hearing held September 10 and 11, 2012, as to Nicholas James Gordon Woodford, Tyler Michael White, and James Dean Odeneal (se) [4:12-mj-00152-CSM] (Entered: 09/27/2012) |
| 09/27/2012 | 🔓 | 70 | ☐ | TRANSCRIPT of Probable Cause and Detention Hearing as to Nicholas James Gordon Woodford, Tyler Michael White, and James Dean Odeneal held on September 10 and 11, 2012, before Judge Miller. Court Reporter/Transcriber Sandie Ehrmantraut, Telephone number 701-530-2337. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Request Redaction due 10/4/2012. Redaction Request due 10/18/2012. Redacted Transcript Deadline set for 10/29/2012. Release of Transcript Restriction set for 12/26/2012. (se) [4:12-mj-00152-CSM] (Entered: 09/27/2012) |
| 10/03/2012 | 🔒 | 75 | ☐ | SEALED INDICTMENT as to Jeffrey Jim Butler (1) count(s) 1, 2, 3, Nicholas James Gordon Woodford (2) count(s) 1, 2, 3, Zachary Russell Mills (3) count(s) 1, 2, 3, Tyler Michael White (4) count(s) 1, 2, 3, James Dean Odeneal (5) count(s) 1, 2, 3. (Attachments: # 1 |

| | | | |
|---|---|---|---|
| | | | Criminal Cover Sheet Jeffrey Jim Butler, # 2 Criminal Cover Sheet Nicholas James Gordon Woodford, # 3 Criminal Cover Sheet Zachary Russell Mills, # 4 Criminal Cover Sheet Tyler Michael White, # 5 Criminal Cover Sheet James Dean Odeneal) (Copy to USA)(jt) (Entered: 10/03/2012) |
| 10/03/2012 | | | Case unsealed as to Jeffrey Jim Butler, Nicholas James Gordon Woodford, Zachary Russell Mills, Tyler Michael White, James Dean Odeneal (jt) (Entered: 10/03/2012) |
| 10/03/2012 | 76 | ▢ | Redacted Indictment as to Jeffrey Jim Butler, Nicholas James Gordon Woodford, Zachary Russell Mills, Tyler Michael White, James Dean Odeneal. (jt) Modified on 10/9/2012 to replace redacted copy, regenerated NEF (jt). (Entered: 10/03/2012) |
| 10/04/2012 | 80 | | NOTICE OF HEARING as to Tyler Michael White: Arraignment set for 10/11/2012 at 01:15 PM in Bismarck Courtroom 2 before Magistrate Judge Charles S. Miller Jr.(jt) (Entered: 10/04/2012) |
| 10/09/2012 | | | DOCKET CORRECTION re: 76 Redacted Indictment. Missing Count Three. Clerk's office replaced correct copy, reflecting all counts. Regenerated NEF. (jt) (Entered: 10/09/2012) |
| 10/09/2012 | 86 | ▢ | Stipulation *(Discovery Agreement)* by USA as to Tyler Michael White (Volk, Rick) (Entered: 10/09/2012) |
| 10/10/2012 | 88 | | (Text Only) ORDER adopting Stipulated Discovery Agreements filed at Docket Nos. 84 , 85 , 86 , and 87 . By Charles S. Miller, Jr. (BG) (Entered: 10/10/2012) |
| 10/10/2012 | 91 | ▢ | WAIVER OF PRESENCE at Arraignment for date of October 11, 2012 by Tyler Michael White (Glass, Thomas) (Entered: 10/10/2012) |
| 10/11/2012 | 94 | ▢ | Minute Entry for proceedings held before Magistrate Judge Charles S. Miller, Jr: Arraignment as to Tyler Michael White (4) Count 1,2,3 held on 10/11/2012 (DR #121011-000 White.) (cs) (Entered: 10/11/2012) |
| 10/12/2012 | 96 | ▢ | PRETRIAL ORDER as to Jeffrey Jim Butler, Nicholas James Gordon Woodford, Zachary Russell Mills, Tyler Michael White, and James Dean Odeneal by Magistrate Judge Charles S. Miller, Jr. All pretrial motions, except motions in limine and proposed jury instructions, are due 28 days prior to trial. Motions in limine and proposed jury instructions are due 7 days prior to trial. Trial is set for 12/03/2012 at 9:30 a.m. in Bismarck before Judge Hovland (5 days). (BG) (Entered: 10/12/2012) |
| 10/12/2012 | 97 | | NOTICE OF HEARING as to Jeffrey Jim Butler, Nicholas James Gordon Woodford, Zachary Russell Mills, Tyler Michael White, James Dean Odeneal: Jury Trial set for 12/3/2012 at 09:30 AM in Bismarck Courtroom 1 before Judge Daniel L. Hovland. 5 days, #5 on calendar.(LR) (Entered: 10/12/2012) |
| 11/20/2012 | 107 | ▢ | ORDER by Judge Daniel L. Hovland granting 100 Motion to Continue as to Jeffrey Jim Butler (1); granting 105 Motion to Continue as to Zachary Russell Mills (3). Jury Trial for ALL |

| | | | |
|---|---|---|---|
| | | | DEFENDANTS set for 5/14/2013 at 09:30 AM in Bismarck Courtroom 1 before Judge Daniel L. Hovland. (LR) (Entered: 11/20/2012) |
| 11/20/2012 | 108 | ☐ | AMENDED NOTICE OF HEARING as to Jeffrey Jim Butler, Nicholas James Gordon Woodford, Zachary Russell Mills, Tyler Michael White, James Dean Odeneal: Jury Trial reset for 5/13/2013 at 09:30 AM in Bismarck Courtroom 1 before Judge Daniel L. Hovland. Previously set for 5/14/13. 5 days, #1 on calendar. Amended to correct date only. (LR) (Entered: 11/20/2012) |
| 12/03/2012 | 110 | ☐ | WAIVER of Speedy Trial by Tyler Michael White (Glass, Thomas) (Entered: 12/03/2012) |
| 03/25/2013 | 117 | ☐ | PLEA AGREEMENT as to Tyler Michael White (rs) (Entered: 03/25/2013) |
| 03/25/2013 | 🔒 118 | ☐ | PLEA AGREEMENT SUPPLEMENT as to Tyler Michael White re 117 Plea Agreement. (rs) (Entered: 03/25/2013) |
| 03/25/2013 | | | Terminate Hearings as to Tyler Michael White: Jury Trial set for 5/13/2013 at 09:30 AM in Bismarck Courtroom 1 before Judge Daniel L. Hovland is hereby CANCELLED. (rs) (Entered: 03/25/2013) |
| 03/27/2013 | 120 | | NOTICE OF HEARING as to Tyler Michael White: Change of Plea Hearing set for 4/22/2013 at 02:30 PM in Bismarck Courtroom 1 before Judge Daniel L. Hovland. (LR) (Entered: 03/27/2013) |
| 03/27/2013 | 121 | | NOTICE OF HEARING as to Tyler Michael White: Sentencing set for 7/15/2013 at 01:30 PM in Bismarck Courtroom 1 before Judge Daniel L. Hovland. (LR) (Entered: 03/27/2013) |
| 04/22/2013 | 139 | ☐ | Minute Entry for proceedings held before Judge Daniel L. Hovland: Change of Plea Hearing as to Tyler Michael White held on 4/22/2013. GUILTY Plea entered by Tyler Michael White (4) as to Counts 1 and 3. (Court Reporter se) (lcar) (Entered: 04/22/2013) |
| 06/26/2013 | 🔒 153 | ☐ | PRESENTENCE INVESTIGATION REPORT as to Tyler Michael White (Vetsch, Jean) (Entered: 06/26/2013) |
| 07/08/2013 | 156 | | NOTICE OF HEARING as to Tyler Michael White: Sentencing reset for 10/25/2013 at 01:30 PM in Bismarck Courtroom 1 before Judge Daniel L. Hovland. Previously set for 7/15/13.(LR) (Entered: 07/08/2013) |
| 07/09/2013 | 🔒 160 | ☐ | PRESENTENCE INVESTIGATION REPORT (Revised Restitution) as to Tyler Michael White (Vetsch, Jean) (Entered: 07/09/2013) |
| 07/11/2013 | | | DOCKET CORRECTION re: 168 Motion. Wrong relief selected. Clerk's office corrected relief type, sealing document and attachments. 169 Memorandum. Wrong event used. Clerk's office restricted and refiled as an attachment to 168 . (jt) (Entered: 07/11/2013) |
| 10/17/2013 | 🔒 184 | ☐ | SEALED MOTION by USA as to Tyler Michael White. (Hagler, David) (Entered: 10/17/2013) |

10                                                                                           7/8/2025, 2:45 PM

| 10/22/2013 | 🔒 187 | ☐ | LETTERS RE: SENTENCING (Support Letters) as to Tyler Michael White (Vetsch, Jean) (Entered: 10/22/2013) |
|---|---|---|---|
| 10/22/2013 | 191 | ☐ | SENTENCING MEMORANDUM by Tyler Michael White (Glass, Thomas) (Entered: 10/22/2013) |
| 10/25/2013 | 194 | ☐ | Minute Entry for proceedings held before Judge Daniel L. Hovland: Sentencing as to Tyler Michael White held on 10/25/2013 (Court Reporter SE) (kmk) (Entered: 10/25/2013) |
| 10/25/2013 | 195 | ☐ | JUDGMENT by Judge Daniel L. Hovland as to Tyler Michael White (4). Count 1: 165 months imprisonment to run concurrent with count three; 5 years supervised release; and $100 special assessment. Count 2: Dismissed on Government's motion. Count 3: 165 months imprisonment to run concurrent with count one; 5 years supervised release; and $100 special assessment. $22,089.06 restitution (joint and several). (kmk) (Entered: 10/25/2013) |
| 10/25/2013 | 🔒 196 | ☐ | STATEMENT OF REASONS re 195 Judgment, as to Tyler Michael White by Judge Daniel L. Hovland. (kmk) (Entered: 10/25/2013) |
| 01/11/2016 | 🔒 223 | ☐ | SEALED MOTION to Reduce Sentence - USSC Amendment by Tyler Michael White. (Langley, Timothy) (Entered: 01/11/2016) |
| 01/14/2016 | 🔒 224 | ☐ | SEALED DOCUMENT *Response* re 223 SEALED MOTION to Reduce Sentence - USSC Amendment filed by Tyler Michael White as to Tyler Michael White byUSA (Shasky, Brett) (Entered: 01/14/2016) |
| 01/19/2016 | 🔒 227 | ☐ | SEALED DOCUMENT *Reply to Government Response* re 223 SEALED MOTION to Reduce Sentence - USSC Amendment filed by Tyler Michael White, 224 Sealed Document filed by USA as to Tyler Michael White (Langley, Timothy) (Entered: 01/19/2016) |
| 01/26/2016 | 🔒 228 | ☐ | ORDER by Judge Daniel L. Hovland denying 223 Sealed Motion to Reduce Sentence-USSC Amendment as to Tyler Michael White (4). (JM) (Entered: 01/26/2016) |
| 01/26/2016 | 230 | ☐ | ORDER REGARDING SENTENCE - USSC AMENDMENT by Judge Daniel L. Hovland as to Tyler Michael White (4): Counts 1 and 3: Motion for Sentence Reduction re USSC Drug Amendment - DENIED. (jr) (Entered: 01/26/2016) |
| 01/26/2016 | 🔒 231 | ☐ | STATEMENT OF REASONS by Judge Daniel L. Hovland re 230 Order Regarding Sentence - USSC Amendment as to Tyler Michael White (4). (jr) (Entered: 01/26/2016) |
| 02/09/2016 | 234 | ☐ | NOTICE OF APPEAL to US Court of Appeals by Tyler Michael White re 228 Order on Sealed Motion to Reduce Sentence - USSC Amendment (Filing fee IFP) (jt) (Entered: 02/09/2016) |
| 02/09/2016 | | | Appeal Remark as to Tyler Michael White re 234 Notice of Appeal : 3 sealed copies of Presentence Investigation Report and Statement of Reasons mailed to Court of Appeals, St. Paul Office. (jt) (Entered: 02/09/2016) |

| 02/09/2016 | | 235 | ☐ | Transmittal of Notice of Appeal Supplement to 8th Circuit Court of Appeals as to Tyler Michael White re 234 Notice of Appeal (jt) (Entered: 02/09/2016) |
|---|---|---|---|---|
| 02/10/2016 | | | | USCA Case Number 16-1346 for 234 Notice of Appeal as to Tyler Michael White (rh) (Entered: 02/10/2016) |
| 02/17/2016 | | 238 | ☐ | NOTICE OF FILING OF TRANSCRIPTS OF CHANGE OF PLEA held April 22, 2013, and SENTENCING held October 25, 2013, as to Tyler Michael White (se) (Entered: 02/17/2016) |
| 02/17/2016 | 🔒 | 239 | ☐ | *SEALED* APPEAL TRANSCRIPT OF CHANGE OF PLEA filed as to Tyler Michael White held April 22, 2013, before Judge Hovland, re 234 Notice of Appeal. Court Reporter/Transcriber Sandie Ehrmantraut, Telephone number 701-530-2337. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Request Redaction due 2/24/2016. Redaction Request due 3/9/2016. Redacted Transcript Deadline set for 3/21/2016. Release of Transcript Restriction set for 5/17/2016. (se) Modified on 3/15/2016 to seal pleading per Order at 252 (lf). (Entered: 02/17/2016) |
| 02/17/2016 | 🔒 | 240 | ☐ | *SEALED* APPEAL TRANSCRIPT OF SENTENCING filed as to Tyler Michael White held October 25, 2013, before Judge Hovland, re 234 Notice of Appeal. Court Reporter/Transcriber Sandie Ehrmantraut, Telephone number 701-530-2337. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Request Redaction due 2/24/2016. Redaction Request due 3/9/2016. Redacted Transcript Deadline set for 3/21/2016. Release of Transcript Restriction set for 5/17/2016. (se) Modified on 3/15/2016 to seal pleading per Order at 252 (lf). (Entered: 02/17/2016) |
| 02/18/2016 | | | | Appeal Remark as to Tyler Michael White re 234 Notice of Appeal : Transcript of Change of Plea at document 239 and Sentencing at document 240 mailed to Court of Appeals, St. Paul Office. (rh) (Entered: 02/18/2016) |
| 03/07/2016 | 🔒 | 245 | ☐ | MOTION for Leave to File Under Seal by Tyler Michael White. (Attachments: # 1 Proposed Sealed Document Defendant's Motion To Seal Portions of the Transcript of Change of Plea)(Langley, Timothy) (Entered: 03/07/2016) |
| 03/07/2016 | 🔒 | 246 | ☐ | MOTION for Leave to File Under Seal by Tyler Michael White. (Attachments: # 1 Proposed Sealed Document Defendant's Motion to Seal Portions of the Transcript of Sentencing)(Langley, Timothy) (Entered: 03/07/2016) |
| 03/08/2016 | | 247 | | (Text Only) ORDER by Judge Daniel L. Hovland granting 243 Motion for Leave to File Under Seal as to Nicholas James Gordon |

| | | | | |
|---|---|---|---|---|
| | | | | Woodford (2); granting 244 Motion for Leave to File Under Seal as to Nicholas James Gordon Woodford (2); granting 245 Motion for Leave to File Under Seal as to Tyler Michael White (4); granting 246 Motion for Leave to File Under Seal as to Tyler Michael White (4) (MM) (Entered: 03/08/2016) |
| 03/08/2016 | 🔒 | 250 | ▢ | SEALED MOTION re 240 Appeal Transcript as to Tyler Michael White. (Langley, Timothy) Modified on 3/9/2016 to correct event type. NEF Regenerated. (mk) (Entered: 03/08/2016) |
| 03/08/2016 | 🔒 | 251 | ▢ | SEALED MOTION re 239 Appeal Transcript as to Tyler Michael White. (Langley, Timothy) Modified on 3/9/2016 to correct event type. NEF Regenerated. (mk) (Entered: 03/08/2016) |
| 03/09/2016 | | | | DOCKET CORRECTION re: 250 and 251 Sealed Document in case as to Tyler Michael White. Documents should have been filed as a motion. Clerk's Office corrected the events from Sealed Document to Sealed Motion and regenerated the NEFs. (mk) (Entered: 03/09/2016) |
| 03/10/2016 | 🔒 | 252 | ▢ | ORDER by Judge Daniel L. Hovland granting 248 Sealed Motion as to Nicholas James Gordon Woodford (2); granting 249 Sealed Motion as to Nicholas James Gordon Woodford (2); granting 250 Sealed Motion as to Tyler Michael White (4); granting 251 Sealed Motion as to Tyler Michael White (4) (MM) (Entered: 03/10/2016) |
| 04/21/2017 | | 257 | ▢ | JUDGMENT of USCA as to Tyler Michael White re 234 Notice of Appeal. The matter is reversed and remanded for sentencing in accordance with the Opinion of the 8th Circuit. (Attachments: # 1 USCA8 Opinion)(rh) (Entered: 04/21/2017) |
| 05/18/2017 | | 259 | ▢ | MANDATE of USCA as to Tyler Michael White re 234 Notice of Appeal (rh) (Entered: 05/18/2017) |
| 09/24/2018 | 🔒 | 276 | ▢ | ORDER by Chief Judge Daniel L. Hovland denying 223 Sealed Motion to Reduce Sentence - USSC Amendment as to Tyler Michael White (4) (MM) (Entered: 09/24/2018) |
| 09/24/2018 | | 277 | ▢ | AMENDED ORDER REGARDING SENTENCE - USSC AMENDMENT by Judge Daniel L. Hovland as to Tyler Michael White (4): Counts 1 and 3: Motion for Sentence Reduction re USSC Drug Amendment - DENIED. (jr) (Entered: 09/24/2018) |
| 09/24/2018 | 🔒 | 278 | ▢ | AMENDED STATEMENT OF REASONS by Chief Judge Daniel L. Hovland re 277 Amended Order Regarding Sentence - USSC Amendment as to Tyler Michael White (4). (jr) (Entered: 09/24/2018) |
| 07/08/2025 | | 310 | ▢ | Supervised Release Jurisdiction Transferred to District of Nevada as to Tyler Michael White Transmitted Transfer of Jurisdiction form, with certified copies of indictment, plea agreement, judgment and docket sheet. (cjs) (Entered: 07/08/2025) |

**View Selected**

or

**Download Selected**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) **I N D I C T M E N T**<br>) |
| v. | )<br>) Case No. _____<br>) |
| | ) Violations:    18 U.S.C. §§ 2, 1201(a)(1), |
| JEFFREY JIM BUTLER, a/k/a "Pops"; | ) and 1201(c); and 21 U.S.C. § 846 |
| NICHOLAS JAMES GORDON | ) |
| WOODFORD; ZACHARY RUSSELL | ) |
| MILLS; TYLER MICHAEL WHITE, | ) |
| a/k/a TYLER BUTLER; and JAMES | ) |
| DEAN ODENEAL | ) |

COUNT ONE

**Kidnapping**

The Grand Jury Charges:

On or about August 12, 2012, in the District of North Dakota,

JEFFREY JIM BUTLER, a/k/a "Pops";
NICHOLAS JAMES GORDON WOODFORD;
ZACHARY RUSSELL MILLS;
TYLER MICHAEL WHITE, a/k/a TYLER BUTLER; and
JAMES DEAN ODENEAL,

individually and by aiding and abetting, knowingly and unlawfully kidnapped, abducted,

seized, confined, carried away and willfully transported Robert Osterhout in interstate

commerce from the State of North Dakota to the State of Montana, and held Robert

Osterhout for the purpose of assaulting and killing him, preventing Robert Osterhout

*CERTIFIED COPY*
Original Filed with Clerk of Court
ATTEST:
    KARI M. KNUDSON, CLERK
    United States District Court
    District of North Dakota

By_____
                              Deputy Clerk

from reporting criminal activities to law enforcement authorities and otherwise;

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT TWO

### Conspiracy to Commit Kidnapping

The Grand Jury Further Charges:

On or about August 12, 2012, in the District of North Dakota,

JEFFREY JIM BUTLER, a/k/a "Pops";
NICHOLAS JAMES GORDON WOODFORD;
ZACHARY RUSSELL MILLS;
TYLER MICHAEL WHITE, a/k/a TYLER BUTLER; and
JAMES DEAN ODENEAL,

did knowingly and intentionally combine, conspire, confederate, and agree together with others, both known and unknown to the grand jury, to violate Title 18, United States Code, Section 1201(a)(1), by kidnapping, abducting, seizing, confining, carrying away, and willfully transporting Robert Osterhout in interstate commerce from the State of North Dakota to the State of Montana, and holding Robert Osterhout for the purpose of assaulting and killing him, preventing Robert Osterhout from reporting criminal activities to law enforcement authorities and otherwise.

### Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. JEFFREY JIM BUTLER, a/k/a "Pops," instructed NICHOLAS JAMES GORDON WOODFORD; ZACHARY RUSSELL MILLS; TYLER MICHAEL WHITE, a/k/a TYLER BUTLER; and JAMES DEAN ODENEAL, to lure Robert Osterhout to a residence in Williston, North Dakota, for purposes of assaulting Robert Osterhout;

3

2. NICHOLAS JAMES GORDON WOODFORD and ZACHARY RUSSELL MILLS, and others, assaulted Robert Osterhout with metal knuckles, tazers, fists, feet, and other objects, inside a camper at a residence in Williston, North Dakota;

3. TYLER MICHAEL WHITE, a/k/a TYLER BUTLER, and JAMES DEAN ODENEAL retrieved plastic material and used the same to line the trunk of an automobile that Robert Osterhout was transported in;

4. NICHOLAS JAMES GORDON WOODFORD and ZACHARY RUSSELL MILLS, and others, bound Robert Osterhout's hands, feet, and mouth, and placed Robert Osterhout in the trunk of an automobile for purposes of transporting him to another location;

5. JEFFREY JIM BUTLER, a/k/a "Pops," drove an automobile in which Robert Osterhout was confined in the trunk and in which NICHOLAS JAMES GORDON WOODFORD; ZACHARY RUSSELL MILLS; and TYLER MICHAEL WHITE, a/k/a TYLER BUTLER, were passengers, to a location in the State of Montana; and

6. JEFFREY JIM BUTLER, a/k/a "Pops"; NICHOLAS JAMES GORDON WOODFORD; ZACHARY RUSSELL MILLS, and others, assaulted Robert Osterhout in the State of Montana by hitting, kicking, choking, and stomping on Robert Osterhout's head and body;

In violation of Title 18, United States Code, Section 1201(c).

## COUNT THREE

**Conspiracy to Distribute and Possess with intent to Distribute Methamphetamine**

The Grand Jury Further Charges:

Beginning in or about January 2012 and continuing until in or about August 2012,

in the District of North Dakota, and elsewhere,

JEFFREY JIM BUTLER, a/k/a "Pops";
NICHOLAS JAMES GORDON WOODFORD;
ZACHARY RUSSELL MILLS;
TYLER MICHAEL WHITE, a/k/a, TYLER BUTLER; and
JAMES DEAN ODENEAL,

did knowingly and intentionally combine, conspire, confederate, and agree together and

with others, both known and unknown to the grand jury, to possess with intent to

distribute and distribute a mixture and substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance, in violation of Title 21, United

States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one

or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did

possess with intent to distribute and did distribute methamphetamine, a Schedule II

controlled substance, within the State of North Dakota, and elsewhere;

2. It was further a part of said conspiracy that the defendants and others would

and did attempt to conceal their activities utilizing a system of surveillance at a

residential location in Williston, North Dakota;

5

3. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, to engage in drug distribution;

4. It was a further part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

5. It was a further part of said conspiracy that the defendants and others would and did use firearms in their drug transactions for protection and intimidation, and otherwise;

6. It was a further part of said conspiracy that the defendants and others would and did threaten, intimidate, and assault distributors and recipients of the drugs to prevent reporting and disclosure of their criminal activities to authorities, and otherwise; and

7. It was further part of said conspiracy that JEFFREY JIM BUTLER, a/k/a "Pops," recruited others to be part of an organization named "the Family" to further the distribution of methamphetamine. In so doing, JEFFREY JIM BUTLER, a/k/a "Pops," provided and offered to provide food, shelter, and spending money to persons he recruited for the organization. Members of the organization were given identified roles to assist in the distribution of methamphetamine. Members of the

organization were threatened and assaulted to maintain compliance with the rules of the

organization;

In violation of Title 21, United States Code, Section 846.

A TRUE BILL:


/s/ Grand Jury Foreperson
Foreperson


/s/ Timothy Q. Purdon
TIMOTHY Q. PURDON
United States Attorney


RLV/DDH:rab

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:12-cr-177-04 |
| Plaintiff, | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | |
| TYLER MICHAEL WHITE, | ) | |
| a/k/a, TYLER BUTLER, | ) | |
| | ) | |
| Defendant. | | |

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure,

the United States of America, by its attorneys, Timothy Q. Purdon, United States

Attorney for the District of North Dakota, and Rick L. Volk, Assistant United States

Attorney, the defendant, Tyler Michael White, a/k/a, Tyler Butler, and defendant's

attorney, Thomas J. Glass, hereby agree to the following:

1.     The defendant acknowledges that the Indictment in the above-captioned

case charges the following offenses: Count One – Kidnapping, in violation of Title 18,

United States Code, Sections 1201(a)(1) and 2; Count Two – Conspiracy to Commit

Kidnapping, in violation of Title 18, United States Code, Section 1201(c); and, Count

Three – Conspiracy to Distribute and Possess with intent to Distribute Methamphetamine,

in violation of Title 21, United States Code, Section 846.

2.     The defendant has read the charges against defendant in the Indictment, and

defendant's attorney has fully explained the charges contained in the Indictment to

defendant.

CERTIFIED COPY
Original Filed with Clerk of Court
ATTEST:
    KARI M. KNUDSON, CLERK
    United States District Court
    District of North Dakota
    By_____
                        Deputy Clerk

3.   The defendant fully understands the nature and elements of the crimes with which defendant has been charged in the Indictment.

4.   The defendant will voluntarily plead guilty to the charge contained within Counts One and Three of the Indictment, that is, the charges of Kidnapping in violation of Title 18, United States Code, Sections 1201(a)(1) and 2, and Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine in violation of Title 21, United States Code, Section 846.

5.   The parties agree that this Plea Agreement shall be filed and become a part of the Court record, and will be governed by Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).  The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations that it has agreed to make, as specified in this Plea Agreement, then the defendant acknowledges that this agreement will have been fulfilled and that defendant will have no right to withdraw defendant's guilty plea if the Court does not follow those recommendations.

6.   The defendant will plead guilty because defendant is in fact guilty of the charges contained in Counts One and Three of the Indictment.  In pleading guilty to these charges, the defendant acknowledges the following factual basis for the offenses:

**Count One**: On or about August 12, 2012, in the District of North Dakota, TYLER MICHAEL WHITE, a/k/a, TYLER BUTLER, individually or by aiding and abetting, knowingly and unlawfully kidnapped, abducted, seized, confined,

2

carried away and willfully transported Robert Osterhout in interstate commerce from the State of North Dakota to the State of Montana, and held Robert Osterhout for the purpose of assaulting and killing him, preventing Robert Osterhout from reporting criminal activities to law enforcement authorities, or otherwise;

Specifically, on August 21, 2012, Robert Osterhout was assaulted by Nicholas Woodford, Zachary Mills, and others, inside James Odeneal's camper at a residential location in Williston, North Dakota. During the course of the assault, James Odeneal and TYLER MICHAEL WHITE, a/k/a, TYLER BUTLER, were instructed to retrieve plastic material and line the trunk of an automobile. Odeneal and WHITE did so. Osterhout was bound by his hands and feet, and then placed inside the trunk of the automobile. Nicholas Woodford, Jeffrey Butler, Zachary Mills, and TYLER WHITE then transported Osterhout in the trunk of the vehicle to a location in Montana where Osterhout was further assaulted by Woodford, Mills and Butler while WHITE waited inside the vehicle to keep watch.

**Count Three:** Beginning in or about January 2012 and continuing until in or about August 2012, in the District of North Dakota, and elsewhere, the Defendant TYLER MICHAEL WHITE, a/k/a, TYLER BUTLER, did knowingly and intentionally combine, conspire, confederate, and agree together and with Jeffrey Jim Butler, Nicholas James Gordon Woodford, Zachary Russell Mills, and James Dean Odeneal, and others, to possess with intent to distribute and distribute

3

a mixture and substance containing a detectable amount of methamphetamine, a

Schedule II controlled substance, in violation of Title 21, United States Code,

Section 841(a)(1), and Title 18, United States Code, Section 2.

In furtherance of this conspiracy and to effect and accomplish the objects of

it, one or more of the conspirators committed the following overt acts:

A. The Defendant TYLER WHITE and others possessed with intent to

distribute and distributed methamphetamine, a Schedule II controlled substance,

within the State of North Dakota, and elsewhere;

B. The conspirators attempted to conceal their drug trafficking activities

utilizing a system of surveillance at a residential location in Williston, North

Dakota;

C. The Defendant TYLER WHITE and other conspirators used

telecommunication facilities, including cellular telephones, to engage in drug

distribution;

D. The defendant TYLER WHITE and other conspirators used United

States currency in their drug transactions;

E. The Defendant TYLER WHITE and other conspirators used firearms in

their drug transactions for protection and intimidation, and otherwise;

F. The defendant TYLER WHITE and other conspirators threatened,

intimidated, and assaulted distributors and recipients of the drugs to prevent

4

reporting and disclosure of their criminal activities to authorities, and otherwise; and

G. Jeffrey Jim Butler, a/k/a "Pops," recruited others, including the Defendant TYLER WHITE, to be part of an organization named "the Family" to further the distribution of methamphetamine. In so doing, Butler provided and offered to provide food, shelter, and spending money to the Defendant TYLER WHITE and other persons he recruited for the organization. Members of the organization were given identified roles to assist in the distribution of methamphetamine. Members of the organization were threatened and assaulted to maintain compliance with the rules of the organization;

7.    The defendant understands that the count within the Indictment to which defendant will plead guilty carries the following maximum penalties:

<u>Count:</u>            One

Imprisonment:    Life imprisonment
Fine:            $250,000
Supervised Release: 5 years
Special Assessment: $100

5

| Count: | Three |
|---|---|

| Imprisonment: | 20 years |
|---|---|
| Fine: | $1,000,000 |
| Supervised Release: | 3 years |
| Special Assessment: | $100 |

Thus, the total punishment that may be imposed by the Court as a result of defendant's guilty pleas is Life Imprisonment plus 20 years, $1,250,000 in fines, 8 years of supervised release, and $200 in special assessments.

The defendant agrees that defendant will pay to the Clerk of United States District Court the special assessments on or before the day of sentencing.

8.    The defendant understands that by pleading guilty defendant surrenders certain rights, including the following:

(a)    The right to a speedy public jury trial with all of the rights pertaining thereto, as follows:

(i)    If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause, where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is

6

presumed innocent and that it could not convict defendant unless, after

hearing all of the evidence, it was persuaded of the defendant's guilt

beyond a reasonable doubt.

(ii)    If the trial is held by the judge without a jury, the judge would find

the facts and determine, after hearing all of the evidence, whether the judge

was persuaded of the defendant's guilt beyond a reasonable doubt.

(iii)    At a trial, whether by a jury or a judge, the United States would be

required to present its witnesses and other evidence against the defendant.

The defendant would be able to confront those government witnesses and

defendant's attorney would be able to cross examine them.  In turn, the

defendant could present witnesses and other evidence in defendant's own

behalf.  If the witnesses for the defendant would not appear voluntarily,

defendant could require their attendance through the subpoena power of the

Court.

(iv)    At a trial the defendant would have a privilege against self-

incrimination so that defendant could decline to testify and no inference of

guilt could be drawn from defendant's refusal to testify.  If the defendant

desired to do so, defendant could testify in defendant's own behalf.

7

(b)     The right to remain silent.  The judge will likely ask the defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

9.     The defendant understands that by pleading guilty defendant is giving up all of the rights set forth in the prior paragraph and that there will be no trial.  The defendant's attorney has explained those rights to defendant, and the consequences of defendant's waiver of those rights.

10.     The parties acknowledge that the court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act.  In doing so, the court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States Sentencing Commission, Guidelines Manual (Nov. 2012)(USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct regarding the charges against defendant, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

11.     This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota.  This agreement does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor.  They remain free to prosecute the defendant for any offenses under their jurisdictions.  This

8

Plea Agreement also does not bar or compromise any civil or administrative claim pending or that may be made against the defendant.

12.    The defendant understands that the United States Attorney reserves the right to notify any state or federal agency by whom the defendant is licensed, or with whom defendant does business, of the defendant's conviction.

13.    The parties agree that they expect the following Sentencing Guidelines may apply in this case:

For Count 1 –

| | |
|---|---|
| USSG § 2A4.1(b)(7)(B) | If the victim was kidnapped during the commission of, or in connection with, another offense, of if another offense was committed during the kidnapping, increase to – 4 plus the offense level from the offense guideline applicable to that other offense (2A2.1 – Assault with intent to commit murder) |

| | | |
|---|---|---|
| USSG § 2A2.1(a)(1) | 33 | object of the offense would have constituted first degree murder |
| USSG § 2A2.1(b)(1)(A) | +4 | life-threatening injury |
| USSG § 2A4.1(b)(7)(B) | +4 | offense level is 4 + offense level from other Offense |
| USSG § 3B1.2(b) | - 2 | minor participant |
| Total offense level | 39 | |

9

For Count 3 –

| | | |
|---|---|---|
| USSG § 2D1.1(a)(5)&(c)(3) | 34 | BOL – 1.5 KG – 5 KG meth (based on Co-conspirator's statements they sold multiple ounces of meth per day, over 4 months) |
| USSG § 2D1.1(b)(1) | +2 | possession of dangerous weapon (firearm) |
| Total offense level | 36 | |

Combined offense level –

| | | |
|---|---|---|
| Highest offense level | 39 | |
| Units – 2 | +2 | 2 units results in + 2 increase (§ 3D1.4) |
| USSG § 3E1.1 | - 3 | acceptance of responsibility (see ¶ 14 below) |
| **Total Adjusted Offense Level** | **38** | |

14.    The United States agrees to recommend at sentencing a 2-level downward adjustment for acceptance of responsibility, provided that the defendant has demonstrated a genuine acceptance of responsibility for his actions.  (USSG 3E1.1(a))  If the total offense level is 16 or greater, the United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently.  (USSG § 3E1.1(b))

15.    Both parties acknowledge that neither the Probation Office nor the Court are bound by the agreement of the parties as to the Sentencing Guidelines, and that the Court may impose a sentence anywhere within the applicable Sentencing Guidelines

range, and that the Court may depart or vary upward or downward from that range if the Court, on the record, indicates what factors exist that were not contemplated by the Sentencing Guidelines Commission which justify the upward or downward departure, or what sentencing factors within 18 U.S.C. § 3553(a) justify an upward or downward variance from the Sentencing Guideline range. Both parties reserve the right to object to any departure or variance from the applicable Sentencing Guideline range proposed by the Court on its own motion.

16.    Inclusion of the parties' expectations as to the applicable Sentencing Guidelines in this Plea Agreement is not a guarantee to the Defendant that those Sentencing Guidelines will, in fact, be included within the Pre-Sentence Investigation Report ("PSR") or be found to apply by the sentencing Court at the sentencing hearing. The PSR will include a Sentencing Guidelines calculation. Both parties' will have an opportunity to object to the Sentencing Guidelines calculations contained within the PSR. The inclusion of Sentencing Guidelines within this Plea Agreement does not preclude either party from objecting to any of the Sentencing Guidelines contained within the PSR, nor does such inclusion prevent either party from advocating for or against application of other Sentencing Guidelines contained within the PSR that are not included within this Plea Agreement.

11

17.    At the time of sentencing, the United States will:

(a)    recommend a sentence within the Guideline sentencing range calculated by the Court at the sentencing hearing;

(b)    recommend the defendant be ordered to serve a 5 year term of supervised release;

(c)    recommend the defendant be ordered to pay restitution for the full amount of loss to the victim, and the applicable special assessments; and,

(d)    move to dismiss the remaining count of the Indictment.

18.    The Defendant may recommend any sentence, including any departure or variance from the Sentencing Guideline range, that defendant believes is appropriate, provided Defendant notifies the United States of Defendant's intent to do so within the time frame for filing a sentencing memorandum pursuant to local court rule 32.1(B) (5 business days prior to sentencing hearing).

19.    The defendant acknowledges and understands that if defendant:

(a)    violates any term of this Plea Agreement,

(b)    engages in any further criminal activity regardless of jurisdiction, severity or whether a conviction results from the charges,

(c)    violates any term of defendant's conditions of release regardless of whether a petition is filed or of the ultimate disposition of any petition that is filed,

12

(d)    has, after being charged with the offense(s) in this case, provided

false information to any federal, state or local law enforcement

officer or any state or federal probation/pre-trial services officer,

including any statements made in any proffer interview(s) in

connection with this case, either prior to entry into this plea

agreement or at any time after entry into this plea agreement,

(e)    engages in any form of obstruction of justice, or

(f)    fails to appear for the change of plea hearing, sentencing hearing, or

any other hearing in this matter,

this Plea Agreement shall become null and void, in whole or in part, at the discretion of

the United States, and the defendant will face the following consequences: (1) all

testimony and other information he has provided at any time to attorneys, employees, or

law enforcement officers of the government, to the Court, or to the federal grand jury,

may and will be used against him in any prosecution or proceeding; (2) the United States

will be entitled to reinstate previously dismissed charges and/or pursue additional charges

against the defendant and to use any information obtained directly or indirectly from the

defendant in those additional prosecutions; and (3) the United States will be released

from any obligations, agreements, or restrictions imposed upon it under this Plea

Agreement, including but not limited to its agreement to recommend a certain sentence in

the case.

13

20.    The defendant acknowledges that defendant has read each of the provisions of this entire Plea Agreement, with the assistance of counsel, and understands its provisions.  The defendant and defendant's attorney have discussed the case and the defendant's Constitutional and other rights, including, but not limited to, defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

21.    <u>Restitution</u>:  The defendant acknowledges the provisions of Title 18, United States Code, Section 3663A, that require the Court to issue an order of restitution, and agrees to accept responsibility for paying such amount under such terms as may be ordered by the Court.  The defendant acknowledges and agrees that the Court will order him to make restitution for all loss caused by defendant's conduct, regardless of whether a count or counts of the Indictment will be dismissed as part of this Plea Agreement.

The defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

The defendant further agrees to make full and accurate disclosure of the defendant's financial affairs to the United States.  Specifically, the defendant agrees that, before sentencing, defendant shall provide to the United States, under penalty of perjury, a financial statement which shall identify all assets owned or held directly or indirectly by the defendant.  The defendant shall also identify all assets valued at more than $1,000 which

14

have been transferred to third parties since August 12, 2012, including the location of the assets and the identity of the third party(ies).

The parties will jointly recommend that as a condition of probation or supervised release, defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until the fine or restitution ordered by the Court is paid in full. See 18 U.S.C. §3665(k), (n). The parties will also jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, before defendant transfers any interest in property owned directly or indirectly by defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. See 18 U.S.C. §3664(k), (n).

22.    The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

23.    It is understood by the parties that the sentencing judge is neither a party to nor bound by this agreement and is free to impose the maximum penalties provided by law.

15

24.    Appeal Waiver: Defendant waives defendant's right to appeal defendant's conviction and the Court's entry of judgment against defendant, including an appeal of any motions, defenses, probable cause determinations, and objections which defendant has asserted in this case. The defendant also waives any right to appeal defendant's sentence under 18 U.S.C. § 3742(a) as recognized and permitted by United States v. Andis, 333 F.3d 886 (8th Cir. 2003). Expressly excluded from this waiver of appeal is the following: (1) the defendant's right to appeal any sentence imposed which is greater than the upper limit of the sentencing guideline range determined by the sentencing court at the sentencing hearing.

The defendant agrees to waive any right to contest defendant's conviction and sentence in any post-conviction proceeding pursuant to 28 U.S.C. § 2255 with the exception of any claim of ineffective assistance of counsel and any claim pursuant to 28 U.S.C. § 2255, ¶6(3) premised on a right newly recognized by the United States Supreme Court.

25.    The defendant understands that neither the agreements as to the Sentencing Guidelines nor the recommendations concerning the sentence made by the parties are binding on the Court or the Probation and Pretrial Services Office. The defendant further understands that refusal by the Court to accept any or all such agreements or recommendations does not give the defendant a right to withdraw defendant's guilty plea.

16

26.     The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.  Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this plea agreement.

27.     The undersigned Assistant United States Attorney and attorney for the defendant agree to abide by the provisions of Rule 32.1CR of the Local Rules for the United States District Court for the District of North Dakota.  Pursuant to Rule 32.1CR(B)(3), the undersigned attorneys acknowledge their obligation to attempt, using good-faith efforts, to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference and other informal procedures.

AGREED:

TIMOTHY Q. PURDON
United States Attorney

Dated: _3-25-13_          By: _____, AUSA for

Rick L. Volk
Assistant United States Attorney

Dated: _2/21/13_          _____

Tyler Michael White, a/k/a, Tyler Butler
Defendant

Dated: _2/21/13_          _____

Thomas J. Glass
Attorney for Defendant

17

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 1

# UNITED STATES DISTRICT COURT

District of North Dakota

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) |
| | ) |
| **TYLER MICHAEL WHITE** | ) Case Number: **4:12-cr-177-04** |
| | ) USM Number: **11801-059** |
| | ) **Thomas John Glass** |
| | ) Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)   **One (1) and Three (3) of the Indictment**

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §1201 | Kidnapping | 08/2012 | 1 |
| 21 U.S.C. §846 & 21 U.S.C. | Conspiracy to Distribute and Possess with Intent to Distribute | 08/2012 | 3 |
| §841(a)(1) | Methamphetamine | | |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   **Two (2) of the Indictment**   ☑ is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 25, 2013**
Date of Imposition of Judgment

Signature of Judge

**Daniel L. Hovland**   **U.S. District Judge**
Name and Title of Judge

_October 25, 2013_
Date

*CERTIFIED COPY*
Original Filed with Clerk of Court
ATTEST:
   KARI M. KNUDSON, CLERK
   United States District Court
   District of North Dakota
By_____
                  Deputy Clerk

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 2 — Imprisonment

Judgment — Page __2__ of __8__

DEFENDANT: TYLER MICHAEL WHITE
CASE NUMBER: 4:12-cr-177-04

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**165 MONTHS on Count One and 165 MONTHS on Count Three to run concurrent, with credit for time served to date.**

☑ The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends the Defendant be placed in a facility as close to Montana as possible. In addition, the Court recommends that the Defendant be afforded the opportunity to participate in the Bureau of Prisons' 500-Hour Residential Drug Abuse Program (RDAP).**

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
        Sheet 3 — Supervised Release

Judgment—Page __3__ of __8__

DEFENDANT:   TYLER MICHAEL WHITE
CASE NUMBER:   4:12-cr-177-04

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**5 YEARS**

        The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

        If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
    Sheet 3C — Supervised Release

Judgment—Page __4__ of __8__

DEFENDANT:  **TYLER MICHAEL WHITE**
CASE NUMBER:  **4:12-cr-177-04**

## SPECIAL CONDITIONS OF SUPERVISION

1. The Defendant shall participate in a chemical dependency treatment program as approved by the supervising probation officer.

2. The Defendant shall participate in a program aimed at addressing specific interpersonal or social areas, for example, domestic violence, anger management, marital counseling, financial counseling, cognitive skills, parenting.

3. The Defendant shall totally abstain from the use of alcohol and illegal drugs or the possession of a controlled substance, as defined in 21 U.S.C. Section 802 or state statute, unless prescribed by a licensed medical practitioner. The Defendant shall totally abstain from any use of inhalants.

4. The Defendant shall not enter any establishment where alcohol is the primary item of sale.

5. The Defendant shall submit to drug/alcohol screening at the direction of the U.S. Probation Officer to verify compliance. Failure or refusal to submit to testing can result in mandatory revocation. Tampering with the collection process or specimen may be considered the same as a positive test result.

6. The Defendant shall participate in a program or course of study aimed at improving educational level or employment skills, for example, obtain a GED, participate in or complete a vocational training program, or participate in a literacy program.

7. The defendant shall disclose their financial situation at the request of the supervising probation officer.

8. As directed by the Court, if during the period of supervised released the supervising probation officer determines the Defendant is in need of placement in a Residential Re-Entry Center (RRC), the Defendant shall voluntarily report to such a facility as directed by the supervising probation officer, cooperate with all rules and regulations of the facility, participate in all recommended programming, and not withdraw from the facility without prior permission of the supervising probation officer. The Court retains and exercises ultimate responsibility in this delegation of authority to the probation officer. See United States v. Kent, 209 F.3d 1073 (8th Cir. 2000).

9. The Defendant shall not contact the victim by any means, including in person, by mail or electronic means, or via third parties without written permission of the Court. If any contact occurs, the Defendant shall immediately leave the area of contact, and immediately report the contact to the probation officer.

10. The Defendant shall submit their person, residence, workplace, vehicle, computer, and/or possessions to a search conducted by a United States Probation Officer based upon evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation, additional criminal charges, and arrest. The Defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___5___ of ___8___

DEFENDANT: **TYLER MICHAEL WHITE**
CASE NUMBER: **4:12-cr-177-04**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200 | $ | $ $22,089.06 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **North Dakota Crime Victims Compensation** | | $240.67 | |
| **Claim #: 6034 Re: Robert Osterhout** | | | |
| **PO Box 1898, Bismarck, ND 58501** | | | |
| | | | |
| **Roosevelt Medical Center** | | $4,331.00 | |
| **PO Box 419, Account#: 17556** | | | |
| **Culbertson, MT 59218-0419** | | | |
| | | | |
| **Mercy Hospital** | | $7,010.31 | |
| **1301 15th Ave. W., Account #: M00011094968** | | | |
| **Williston, ND 58801** | | | |
| **TOTALS** | $ 0.00 | $ 22,089.06 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the    ☐ fine    ☑ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
    Sheet 5B — Criminal Monetary Penalties

Judgment—Page __6__ of __8__

DEFENDANT:  TYLER MICHAEL WHITE
CASE NUMBER:  4:12-cr-177-04

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Trinity Medical Group | | $10,507.08 | |
| Account #: 643864 | | | |
| PO Box 5010, Minot, ND 58702 | | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
    Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___8___

DEFENDANT:  **TYLER MICHAEL WHITE**
CASE NUMBER:  **4:12-cr-177-04**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑ Lump sum payment of $ __22,289.06__  due immediately, balance due

☐ not later than _____ , or
☑ in accordance  ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B**  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑ Special instructions regarding the payment of criminal monetary penalties:

**All criminal monetary payments are to be made to the Clerk's Office, U.S. District Court, P.O. Box 1193, Bismarck, North Dakota, 58502-1193.**

**While on supervised release, the Defendant shall cooperate with the Probation Officer in developing a monthly payment plan consistent with a schedule of allowable expenses provided by the Probation Office.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

**See next page**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Local AO 245B (Rev. 9/13) (AO Rev. 9/11)
    Sheet 6A — Schedule of Payments

|  | Judgment—Page __8__ of __8__ |
| --- | --- |

DEFENDANT:  **TYLER MICHAEL WHITE**
CASE NUMBER:  **4:12-cr-177-04**

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
| --- | --- | --- | --- |
| **4:12-cr-177-01**<br>**Jeffrey Jim Butler** | | $22,089.06 | |
| **4:12-cr-177-01**<br>**Nicholas James Gordon Woodford** | | $22,089.06 | |
| **4:12-cr-177-03**<br>**Zachary Russell Mills** | | $22,089.06 | |
| **4:12-cr-177-05**<br>**James Dean Odeneal** | | $22,089.06 | |

Case 2:25-cr-00195-JAD-EJY    Document 6    Filed 07/15/25    Page 44 of 44
Case 4:12-cr-00177-DLH    Document 310    Filed 07/08/25    Page 1 of 1

Case 2:25-cr-00195-JAD-EJY    Document 2    Filed 07/07/25    Page 1 of 1

| PROB22<br>(Rev. 01/24) | | DOCKET NUMBER *(Tran. Court)*<br>0868 4:12CR00177 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)*<br>2:25-cr-00195-JAD-EJY-1 |

| NAME AND ADDRESS OF PROBATION/SUPERVISED RELEASEE | | DISTRICT | DIVISION |
|---|---|---|---|
| Tyler Michael White<br>Mandan, ND 58554 | __X__ FILED  ____ RECEIVED<br>____ ENTERED  ____ SERVED ON<br>**06/30/2025**<br>CLERK, U.S. DISTRICT COURT<br>DISTRICT OF NEVADA<br>BY: _____ DEPUTY | North Dakota | Western |

| | | NAME OF SENTENCING JUDGE | | |
|---|---|---|---|---|
| | | The Honorable Daniel L. Hovland | | |
| | | DATES OF PROBATION/<br>SUPERVISED RELEASE | FROM<br>9/24/2024 | TO<br>9/23/2029 |

**OFFENSE**

Kidnapping 18 U.S.C. § 1201Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine 21 U.S.C. § 846

**JUSTIFICATION/REASON FOR TRANSFER** (e.g., prosocial ties, employment/education opportunities, violation of supervision)

The District of Nevada would like jurisdiction of this case to address non-compliance issues locally.

**PART 1 – ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF <u>NORTH DAKOTA</u>

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. § 3605, the jurisdiction of the probationer or supervised release named above be transferred with the records of this Court to the United States District Court for the upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

June 25, 2025
_____
*Date*

_____
*United States District Judge*

\* This sentence may be deleted in the discretion of the transferring Court.

**PART 2 – ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE   DISTRICT OF   <u>NEVADA</u>

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

7/7/2025
_____
*Effective Date*

_____
*United States District Court Judge*

CERTIFIED COPY
Original Filed with Clerk of Court
ATTEST:
KARI M. KNUDSON, CLERK
United States District Court
District of North Dakota
By_____
Deputy Clerk